# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11cv146

| | |
|---|---|
| BRIAN K. BLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| MISSION HOSPITAL, INC., a North ) | |
| Carolina Corporation, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is Defendant's Motion to Dismiss [# 4]. Plaintiff brought this action pursuant to the Americans with Disabilities Act of 1990 ("ADA") asserting a claim for unlawful discrimination and a claim for retaliation. Defendant moves to dismiss the retaliation claim on the ground that Plaintiff failed to exhaust his administrative remedies prior to filing suit. The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 4].

**I.  Background**

Plaintiff has limited color vision acuity and alleges that he is disabled within the meaning of the ADA. (Pl.'s Compl. ¶ 13.) In 2009, he submitted an application for employment with Mission Hospital as a Technical Software Engineer Associate. (Id. ¶ 10.) On December 18, 2009, Mission Hospital

interviewed Plaintiff for the position. (Id. ¶ 11.) After the interview, Mission Hospital offered Plaintiff the job. (Id. ¶ 14.) Plaintiff received a letter from the Human Resources Department confirming the job offer. (Id. ¶ 15.) Plaintiff accepted the offer of employment. (Id. ¶ 17.)

Approximately a week prior to Plaintiff's scheduled start date, Plaintiff underwent a staff health assessment, which included a test for color blindness. (Id. ¶ 18.) The test indicated that Plaintiff had limited color acuity. (Id. ¶¶ 18-19.) Plaintiff then met with an employee of Mission Hospital to discuss his color blindness. (Id. ¶¶ 20-22.) At this meeting, Plaintiff alleges that he requested that Mission Hospital provide him with a reasonable accommodation with respect to his color blindness. (Id. ¶ 24.) Plaintiff further alleges that a representative of Mission Hospital stated at this meeting that it would be difficult or cost-prohibitive to adjust the color icons used by Mission Hospital's computer programs in order to accommodate Plaintiff. (Id. ¶¶ 23, 25.) Several days later a representative of Mission Hospital called Plaintiff and told him that they were revoking his offer of employment due to his color blindness. (Id. ¶ 26.) Mission Hospital then sent Plaintiff a letter stating that the prior offer of employment was rescinded due to Plaintiff's limited color vision acuity. (Id. ¶ 29.)

After Mission Hospital rescinded his offer of employment, Plaintiff filed a

charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination in violation of the ADA. On March 18, 2011, the EEOC issued Plaintiff a right to sue letter. Plaintiff then brought this action, and Defendant moved to dismiss Plaintiff's claim of retaliation. Defendant's motion is now properly before this Court.

II.     Analysis

Before a plaintiff files suit under the ADA, he or she must first file a charge of discrimination with the EEOC. Downie v. Revco Discount Drug Ctrs., Inc., 448 F. Supp. 2d 724, 728 (W.D. Va. 2006); Bess v. Cnty. of Cumberland, N.C., No. 5:11cv388, 2011 WL 4809879 (E.D.N.C. Oct. 11, 2011). "Congress intended the exhaustion requirement to serve the primary purposes of notice and conciliation." Chacko v. Patuzent Institution, 429 F.3d 505, 510 (4th Cir. 2005) (addressing Title VII).[1] The EEOC charge defines the scope of a plaintiff's right to bring a subsequent civil action in federal court. Bryant v. Bell Atlantic Md, Inc., 288 F.3d 124, 132 (4th Cir. 2002). If a plaintiff fails to file a charge of discrimination and exhaust her administrative remedies, a federal court lacks subject matter jurisdiction over the claim of discrimination. Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009).

---

[1] The ADA expressly incorporates the administrative procedures outlined in Title VII. 42 U.S.C. § 12117; Dao v. Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996).

A plaintiff, therefore, is generally limited to the allegations contained in the administrative charge of discrimination in a subsequent federal lawsuit. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996); Chacko, 429 F.3d at 509 ("Our cases make clear that the factual allegations made in formal litigation must correspond to those set forth in the administrative charge."); Jones, 551 F.3d at 300. For example, a plaintiff who only alleges race discrimination in his charge of discrimination with the EEOC may not maintain an action in federal court based on an allegation of age discrimination. See Chacko, 429 F.3d at 509. "Only those discrimination claims stated in the initial charge, those reasonable related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit." Evans, 80 F.3d at 963; see also Chacko, 429 F.3d at 509. Courts, however, must liberally construe an administrative charge of discrimination because it is typically not prepared by an attorney. Chacko, 429 F.3d at 509; Bonds v. Leavitt, 629 F.3d 369, 379 (4th Cir. 2011).

The Notice of Charge of Discrimination submitted by Plaintiff to the EEOC list only disability and genetic information as the circumstances of discrimination. (Ex. A to Pl.'s Resp. to Def.'s Mot. Dismiss ("Pl.'s Resp.") at p. 11.) Plaintiff did not check the retaliation box. (Id.) Moreover, the Charge of Employment

4

Discrimination makes no mention of retaliation and does not set forth any facts supporting such a claim. (Id. at p.14-15.) The Charge of Employment Discrimination only references a discrimination claim, stating that "Mission Hospitals rescinded [Plaintiff's] employment offer due to his disability. (Id. at p. 15.) Finally, the fact that one of Mission Hospital's employees stated during an interview with an EEOC investigator that Plaintiff asked if it would be possible to customize the computer system that Mission Hospital uses (id. at p. 10) is insufficient to find that Plaintiff's claim of retaliation was contained in his charge of discrimination with the EEOC. Because a claim of retaliation was not set forth in the administrative charge, Plaintiff is procedurally barred from asserting such a claim in this Court. See Jones, 551 F.3d at 301; Bryant, 288 F.3d at 132; Russell v. BSN Med., Inc., 721 F. Supp. 2d 465, 476 (W.D.N.C. 2010) (Conrad, C.J.); Lassiter v. LabCorp Occupational Testing Servs., Inc., 337 F. Supp. 2d 746, 753 (M.D.N.C. 2004). The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 4] and dismiss the retaliation claim without prejudice.

### III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 4] and dismiss the retaliation claim without prejudice.

Signed: November 8, 2011

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).