# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv146

| | |
|---|---|
| BRIAN K. BLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| MISSION HOSPITAL, INC., a North ) | |
| Carolina Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's Partial Motion to Dismiss [Doc. 4]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of such Motion [Doc. 12]; and the Plaintiff's Objection to the Memorandum and Recommendation [Doc. 13].

**I.   PROCEDURAL BACKGROUND**

The Plaintiff Brian K. Black brings this action against the Defendant Mission Hospital, Inc., alleging two separate causes of action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq. In his First Cause of Action, the Plaintiff alleges that the Defendant unlawfully discriminated against him when it withdrew an offer of employment previously

extended to him for the position of Technical Software Engineer Associate because of his limited color vision acuity. [Doc. 1 at ¶¶33-43]. In his Second Cause of Action, the Plaintiff alleges that the Defendant retaliated against him by withdrawing the offer of employment after he requested a reasonable accommodation for his disability. [Id. at ¶¶44-49]. On July 14, 2011, the Defendant moved to dismiss Plaintiff's Second Cause of Action, on the grounds that such claim is outside the scope of the Charge of Discrimination the Plaintiff filed with the EEOC. [Doc. 4].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendant's Motion and to submit a recommendation regarding its disposition. On November 8, 2011, the Magistrate Judge entered a Memorandum and Recommendation in which he recommended that the Defendant's Motion be granted. [Doc. 12]. In so doing, the Magistrate Judge reasoned as follows:

> The Notice of Charge of Discrimination submitted by Plaintiff to the EEOC list[s] only disability and genetic information as the circumstances of discrimination. Plaintiff did not check the retaliation box. Moreover, the Charge of Employment Discrimination makes no mention of retaliation and does not set forth any facts supporting such a claim. The Charge of Employment Discrimination only references a discrimination claim,

2

> stating that Mission Hospitals rescinded Plaintiff's employment offer due to his disability. Finally, the fact that one of Mission Hospital's employees stated during an interview with an EEOC investigator that Plaintiff asked if it would be possible to customize the computer system that Mission Hospital uses is insufficient to find that Plaintiff's claim of retaliation was contained in his charge of discrimination with the EEOC. Because a claim of retaliation was not set forth in the administrative charge, Plaintiff is procedurally barred from asserting such a claim in this Court.

[Doc. 12 at 4-5 (citations and quotation marks omitted)].

The Plaintiff timely filed objections to the Magistrate Judge's Recommendation, arguing that his retaliation claim was "within the scope" of his EEOC charge and therefore should not be dismissed. [Doc. 13]. The Defendants have responded, arguing that the Court should adopt the Recommendation in its entirety. [Doc. 14].

Having been fully briefed, this matter is ripe for review.

## II. STANDARD OF REVIEW

### A. Standard of Review Applicable to Objections to Magistrate Judge's Proposed Findings and Recommendation

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In

order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

### B. Rule 12(b)(1) Standard

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings, without converting the proceed to one for summary judgment.'" Id. (quoting Richmond, Fredericksburg &

Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)). The Court should grant the motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans, 166 F.3d at 647 (quoting Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768).

III. **FACTUAL BACKGROUND**

The Magistrate Judge summarized the relevant facts as alleged in the Complaint as follows:

> Plaintiff has limited color vision acuity and alleges that he is disabled within the meaning of the ADA. (Pl.'s Compl. ¶ 13.) In 2009, he submitted an application for employment with Mission Hospital as a Technical Software Engineer Associate. (Id. ¶ 10.) On December 18, 2009, Mission Hospital interviewed Plaintiff for the position. (Id. ¶ 11.) After the interview, Mission Hospital offered Plaintiff the job. (Id. ¶ 14.) Plaintiff received a letter from the Human Resources Department confirming the job offer. (Id. ¶ 15.) Plaintiff accepted the offer of employment. (Id. ¶ 17.)
>
> Approximately a week prior to Plaintiff's scheduled start date, Plaintiff underwent a staff health assessment, which included a test for color blindness. (Id. ¶ 18.) The test indicated that Plaintiff had limited color acuity. (Id. ¶¶ 18-19.) Plaintiff then met with an employee of Mission Hospital to discuss his color blindness. (Id. ¶¶ 20-22.) At this meeting, Plaintiff alleges that he requested that Mission Hospital provide him with a reasonable accommodation with respect to his color blindness. (Id. ¶ 24.) Plaintiff

5

> further alleges that a representative of Mission Hospital stated at this meeting that it would be difficult or cost-prohibitive to adjust the color icons used by Mission Hospital's computer programs in order to accommodate Plaintiff. (Id. ¶¶ 23, 25.) Several days later a representative of Mission Hospital called Plaintiff and told him that they were revoking his offer of employment due to his color blindness. (Id. ¶ 26.) Mission Hospital then sent Plaintiff a letter stating that the prior offer of employment was rescinded due to Plaintiff's limited color vision acuity. (Id. ¶ 29.)
>
> After Mission Hospital rescinded his offer of employment, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination in violation of the ADA. On March 18, 2011, the EEOC issued Plaintiff a right to sue letter. Plaintiff then brought this action, and Defendant moved to dismiss Plaintiff's claim of retaliation. Defendant's motion is now properly before this Court.

[Doc. 12 at 1-3].

The Plaintiff makes only one specific objection to the Magistrate Judge's summary of the relevant facts, challenging the finding that the Plaintiff alleged "that a representative of Mission Hospital stated at this meeting that it would be difficult or cost-prohibitive to adjust the color icons used by Mission Hospital's computer programs in order to accommodate Plaintiff." [Doc. 12 at 2]. As the Plaintiff correctly points out, the Complaint alleges that a Mission Hospital representative stated that "it would <u>not</u> be difficult or cost-prohibitive"

6

to make such adjustments to the computer programs. [See Doc. 1 at ¶25 (emphasis added)]. Thus, this particular finding by the Magistrate Judge, which was most likely the result of a clerical mistake, was in error. In all other respects, the Court finds that the Magistrate Judge's recitation of the relevant facts is correct. Accordingly, with the exception of the one factual finding cited above, the factual background as set forth in the Memorandum and Recommendation [Doc. 12 at 1-3] is accepted and incorporated herein.

## IV. DISCUSSION

In order for this Court to have subject matter jurisdiction over the Plaintiff's ADA claims, the Plaintiff must have first exhausted his administrative remedies with the Equal Employment Opportunity Commission. See 42 U.S.C. § 12117(a); Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005). The scope of the Plaintiff's right to file a federal suit is limited by the contents of his EEOC charge. Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (discussing Title VII); Chacko, 429 F.3d at 506 ("This charge frames the scope of future litigation."). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original

complaint may be maintained in a subsequent . . . lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996).

In the present case, the Plaintiff concedes that the Notice of Charge of Discrimination and the EEOC Charge identify only claims of discrimination based on disability and genetic information.[1] [See Doc. 10-1 at 11, 13]. Indeed, nothing in the statements in the EEOC Charge or the supporting documents refers to "retaliation" in any form. The Plaintiff nevertheless contends that his retaliation claim is "reasonably related" such that this claim would have been "developed by reasonable investigation" of the claims of discrimination set forth in his Charge. Contrary to the Plaintiff's contentions, however, the Plaintiff's Charge does not remotely allege that the Defendant retaliated against him because he had requested a reasonable accommodation. "Where the EEOC charge alleges discrimination but not

---

[1] Significantly, the retaliation box was not checked on either of these forms to indicate this as a basis for the Plaintiff's complaints. The Plaintiff argues that these documents were completed by EEOC personnel, and thus it was improper for the Magistrate Judge to find that "Plaintiff did not check the retaliation box" in filing his Charge. [Doc. 12 at 4]. Regardless of whether EEOC personnel or the Plaintiff completed these documents, however, the fact remains that the retaliation box was not checked, either on the Notice or the EEOC Charge. Plaintiff was represented by counsel throughout these administrative proceedings, so if in fact the Plaintiff had intended to check the retaliation box to include it as a basis for his charge of discrimination, he could have easily requested amendment of these documents. For whatever reason, however, he failed to do so. In light of these circumstances, the Magistrate Judge did not err in finding that the failure to check the retaliation box on the EEOC forms should be attributed to the Plaintiff.

retaliation, the reasonable scope of the agency's investigation cannot be expected to encompass allegations of retaliatory motive." Shepheard v. City of New York, 577 F.Supp.2d 669, 680 (S.D.N.Y. 2008), aff'd, 360 F. App'x 249 (2d Cir. 2010); Sussle v. Sirina Protection Sys. Corp., 269 F.Supp.2d 285, 314 (S.D.N.Y. 2003). Significantly, the facts alleged by the Plaintiff in support of his discrimination claim are exactly the same as those alleged in support of his retaliation claim. The Plaintiff therefore clearly could have alleged retaliation when his counsel filed the Charge because all the facts to support that claim existed at the time of filing. The Plaintiff cannot now argue that the scope of the EEOC investigation could have included retaliation when he had the opportunity to allege that claim specifically but failed to do so. "The 'reasonably related' doctrine does not excuse a plaintiff's failure to include allegations in his administrative complaint where those allegations pertained to conduct that had occurred before the administrative complaint was filed." Sussle, 269 F.Supp.2d at 315 (dismissing ADA retaliation claim where it was not asserted in charge alleging failure to make a reasonable accommodation).

For these reasons, the Court concludes that the Plaintiff's retaliation claim is not reasonably related to his charge such that it would have been expected to follow from an investigation of his disability and genetic

information discrimination claims. See Miles v. Dell, 429 F.3d 480, 492 (4th Cir. 2005) (finding plaintiff's retaliation claim was "not reasonably related" to her claims of sex and pregnancy discrimination claims where charge contained no allegations regarding retaliation for complaints of discrimination). The Plaintiff's Objections to the Memorandum and Recommendation are therefore overruled.

**V. ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objection to the Memorandum and Recommendation [Doc. 13] is **OVERRULED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 12] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Partial Motion to Dismiss [Doc. 4] is **GRANTED**, and the claim for retaliation under the ADA as set forth in the Second Cause of Action in the Plaintiff's Complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties shall conduct an Initial Attorneys' Conference within fourteen (14) days of this Order and file a Certificate of Initial Attorneys' Conference with the Court within seven (7) days thereafter.

**IT IS SO ORDERED.**

Signed: January 12, 2012

Martin Reidinger
United States District Judge